UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        CRIMINAL ACTION

VERSUS

THOMAS L. MILLS, V        NO: 12-00127-BAJ

## RULING AND ORDER

Before the Court is Petitioner, Thomas L. Mills, V's **Petition For Emergency Relief From Void Judgment (Doc. 38)**. Petitioner has filed a *pro se* petition pursuant to Federal Rule of Civil Procedure 60(b)(4) and 60(d)(3) and the All Writs Act, 18 U.S.C. § 1651, for relief from void judgment. (Doc. 38). In his petition, Petitioner asserts that the Court lacks subject matter jurisdiction over him because Congress illegally passed the statute granting such jurisdiction.

### I. BACKGROUND

On December 07, 2012, Petitioner pleaded guilty to a two-count Indictment charging possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 22). On April 11, 2013, Petitioner was sentenced to a term of imprisonment of 62 months and supervised release for a term of seven years. (Docs. 35, 37). A direct appeal was not taken in the case. The records of the Federal Bureau of Prisons (BOP) show that Petitioner, registration number 06223-095, was released from prison on June 5, 2017. (Doc. 40-1). According to the United States Probation Service, Petitioner's supervised release began on June 5, 2017, with a scheduled expiration

1

date of June 4, 2024. (Doc. 40 at p. 4). On December 4, 2017, Petitioner filed the instant Petition For Emergency Relief From Void Judgment. (Doc. 38). The Government filed an opposition. (Doc. 40).

## II. FED. R. CIV. P. 60(b)(4) AND 60(d)(3)

"[C]riminal proceedings in the United States district courts are governed by the Federal Rules of Criminal Procedure, Fed.R.Crim.P. 1, and not the Federal Rules of Civil Procedure." *United States v. Bermea-Cepeda*, 310 F. App'x 690, 691 (5th Cir. 2009) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)); *see also United States v. McDorman*, 305 F. App'x 187, 189 (5th Cir. 2008). Therefore, Petitioner's petition under Fed. R. Civ. P. 60(b)(4) and 60(d)(3) is an unauthorized action which the Court is without jurisdiction to consider. *See Bermea-Cepeda*, 310 F. App'x at 691. Therefore, the Court dismisses Petitioner's petition, as it is not the proper procedural device to assert such claims.

## III. ALL WRITS ACT

Petitioner also argues that the All Writs Act, 28 U.S.C. § 1651, is a basis by which he may challenge the judgment in his criminal case. However, Fifth Circuit precedent is clear that "[t]he All Writs Act [does] not confer subject-matter jurisdiction upon [an appellant's p]etition for [r]eview, because that Act does not create an independent basis of jurisdiction." *Brown v. United States*, 116 F. App'x. 526, 527 (5th Cir. 2004) (per curiam) (citing *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002)). When a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. *Carlisle v.*

2

*United States*, 517 U.S. 416, 429 (1996) (internal quotation omitted). Furthermore, because Petitioner remains in custody, that is, supervised release until 2024, he is not entitled to *coram nobis* relief under the All Writs Act.[1] Therefore, the Court dismisses Petitioner's petition because it lacks merit.[2]

Accordingly,

**IT IS ORDERED** that the **Petition For Emergency Relief From Void Judgment (Doc. 38)** is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 5th day of January, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] A writ of *coram nobis* is an extraordinary remedy available to a petitioner who is no longer in custody and who can demonstrate civil disabilities as a consequence of the criminal conviction, and when the challenged error is of sufficient magnitude to justify the extraordinary relief. *See, e.g., United States v. Truesdale*, 211 F.3d 989, 903 (5th Cir. 2000) (a motion under 28 U.S.C. § 2255 is made by a person in federal custody; a petition for a writ of error *coram nobis* is filed by a person who has been released); *see also United States v. Dyer*, 136 F.3d 417, 422-23 (5th Cir. 1998).

[2] The Court notes that, if construed as a 28 U.S.C. § 2255 motion, Petitioner's petition would be time barred. A § 2255 motion must be filed within one year from the date on which the judgment of conviction became final, which is upon the expiration of the 14-day period for filing the direct appeal. *See* 28 U.S.C. § 2255(f); *see also United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008). Petitioner did not file a notice of appeal; instead, he waited 4.5 years to file the instant petition.

3