## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**

**THOMAS L. MILLS, V**                    **NO. 12-00127-BAJ-EWD**

### RULING AND ORDER

Before the Court is Defendant's untitled *pro se* **Motion (Doc. 68)** seeking to "vacate" and "void" the indictment underlying his 2012 conviction of two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and related *pro se* **Motion for Grand Jury Transcripts (Doc. 76)**. Defendants' motions will be denied because, quite simply, there is no basis in law or fact for the relief Defendant seeks.

Liberally construed, Defendant's untitled Motion seeks to vacate his convictions of possession of child pornography due to the Government's alleged failure to obtain a "sworn complaint (affidavit)" prior to presenting its charges to the Grand Jury. (*See* Doc. 68 at ¶¶ 5, 8, 16,23, 26-27, 36). Putting aside the dubious merits of Defendant's Motion, the correct avenue to raise such a claim is a petition for habeas corpus relief under 28 U.S.C. § 2255. Here, however, Defendant *cannot* proceed under § 2255 for multiple reasons.

First, Defendant's convictions became final in May 2013 (after Defendant failed to pursue an appeal), yet he did not file his Motion until March 2020, nearly

six years later. Quite clearly, any potential relief under § 2255 is time-barred. *See* 28 U.S.C. § 2255(f).

Second, Defendant's Motion follows an earlier motion seeking to "void" his indictment, (Doc. 38), which the Court previously denied by order dated January 5, 2018 (Doc. 41). For all practical purposes, Defendant's present Motion is a second attempt for relief under § 2255, which cannot proceed without prior approval of the U.S. Fifth Circuit Court of Appeals. *In re Parker*, 575 F. App'x 415, 417 (5th Cir. 2014) ("Before filing a second or successive § 2255 motion in the district court, a movant must obtain leave from this court." (citing 28 U.S.C. §§ 2255(h), 2244(b)(3)(A)). Defendant has not sought (much less obtained) the Fifth Circuit's approval of his Motion.

Third, Defendant did not file his untitled Motion until March 12, 2020, *after* the final expiration of his federal sentence, *and* his final release from federal custody. This Circuit's law is clear that § 2255 relief is unavailable to a movant whose sentence has expired. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).[1]

The only possible alternative to obtain the relief Petitioner seeks is a writ of error coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651. *See United States v. Truesdale*, 211 F.3d 898, 903 (5th Cir. 2000) ("[A] § 2255 motion is made by a person

---

[1] For good measure, reasonable jurists would not debate the denial of Defendant's § 2255 Motion, or the correctness of the Court's substantive rulings that Defendant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, Defendant will also be denied a certificate of appealability. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997).

in federal custody and a petition for a writ of error coram nobis is filed by a person who has been released."). Circumstances justifying such relief, however, are exceedingly rare: "The writ will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief. In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quotation marks and citations omitted). Here, Defendant fails to provide any explanation whatsoever to excuse his belated attack on his indictment, much less a reasonable basis to conclude that his prior criminal proceedings were defective in any manner. In short, Defendant has not shown any basis for relief under the All Writs Act.[2]

Finally, Defendant's Motion for Grand Jury Transcripts (Doc. 76) will also be denied. As noted in the Government's opposition, "[t]he proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings," and therefore any request for grand jury materials must be based on "a particularized need … that outweighs the policy of secrecy." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). Here, Defendant has not even attempted to explain his need for the transcripts of the grand jury proceedings resulting in his indictment. Indeed,

---

[2] Notably, the Court has *already* denied Defendant a writ of error coram nobis, (Doc. 41), a fact that Defendant omits from his instant Motion. Defendant fails to provide any basis for the Court to reconsider its earlier judgment in this regard.

he would be hard-pressed to show any need, in light of the foregoing analysis of his untimely challenge to his indictment.

Accordingly,

**IT IS ORDERED** that Defendant's untitled **Motion (Doc. 68)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Grand Jury Transcripts (Doc. 76)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's related civil proceeding captioned 3:20-cv-00147-BAJ be and is hereby **TERMINATED** and **DISMISSED WITH PREJUDICE** based on the reasoning set forth herein.

Baton Rouge, Louisiana, this 24th day of May, 2022.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**